### KEYSTONE LANTERN CO. et al. v. SPEAR.

(Circuit Court of Appeals, Third Circuit. March 24, 1905.)

#### No. 57.

PATENTS—ANTICIPATION—LANTERNS.

> The Spear patent, No. 413,464, for a lantern, claim 1, is void for anticipation, being so broad in its terms as to cover previous devices. Claim 2 *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 131 Fed. 879.

F. G. Dussoulas and Charles B. Collier, for appellants.
Francis T. Chambers, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and McPHERSON, District Judge.

J. B. McPHERSON, District Judge. The patent in controversy, No. 413,464, is for improvements in lanterns, and was granted to the appellee on October 22, 1889. The following paragraphs from the specification will explain its scope and purpose:

> "My invention relates chiefly to lanterns, but is applicable to analogous illuminating apparatus wherein a guard-frame is employed in sustaining the different parts.

> "The object of my present invention is to provide a simple, cheap, durable, and easily applicable means of uniting the oil-pot and chimney or globe with the guard-frame, the union being such as to increase the strength or rigidity of the structure at or in the region of the union, so that it will effectually withstand any damaging force or strain to which it is likely to be subjected. To accomplish all of this, and to secure other advantages in the matters of construction and operation, my improvements involve certain new and useful arrangements or combinations of parts and peculiarities of construction, as will be herein first fully described, and then pointed out in the claims. * * *

> "A, A1, are the upright guards, and B, B1, B2, B3, are the horizontal ring-guards of the lantern-frame. These parts are notched together and interlocked or interwoven, as set forth in a separate application for patent of even date of filing herein, serial No. 280,632, by me made, and are preferably all made of flat metal considerably wider than it is thick. It is to this form of frame that

my present improvements are especially applicable; but obviously other forms might be substituted if a horizontal body-hoop frame-ring be employed and rigidly secured to the upright guards by notching them together. The body-hoop is applied to the body-hoop frame-ring, B, and receives the oil-pot. The hoop may be short as at C in Fig. 1, extending a little above and a little below the bottom of the body-hoop frame-ring, or it may extend considerably below that ring, as at C, Fig. 2, constituting also the base or foot of the lantern.

"The hoop, C, is formed to enter the body-hoop frame-ring, B, and it is secured in and on said ring, preferably, by being buckled under and over the inner margin thereof, as shown in the sectional part at a, a, and afterward 'dipped' or 'tinned,' if required. By thus uniting the body-hoop with the body-hoop frame ring (which may be easily and quickly accomplished by use of ordinary beading or reeding tools), the said hoop is not only securely held in place against any possibility of disarrangement, but the form of joint adds to the strength and stiffness of the structure in the region of the frame always most liable to damage; and it further dispenses with the use of solder, enabling me to complete the union easier, quicker and with much less expense than in other methods; but other methods may be adopted."

The present dispute concerns the first and second claims, which are as follows:

"(1) In a lantern, the combination, with the horizontal frame-ring, B³, secured to the upright guards, substantially as explained, of a body-hoop secured upon said frame-ring, substantially as and for the purposes set forth.

"(2) In a lantern, the combination, with the flat metal horizontal frame-ring notched upon and secured to the upright guards, of the body-hoop bent or buckled upon said flat metal ring, substantially as shown and described."

The first claim covers the combination of the frame-ring secured to the upright guards, with a body-hoop secured upon the ring, no matter by what means the union of the ring, the guards, and the hoop is effected; and, if this claim is valid, the appellants' lantern is a clear infringement. The second claim is much narrower and is confined to a particular kind of frame-ring, a particular method of securing the ring to the guards, and a particular method of securing the hoop to the ring. This claim, therefore, may be good, even if the first claim is invalid because it is too broad; and this, we may say at once concerning the first claim, is the conclusion to which we have felt obliged to come. Without going into a detailed examination of the prior state of the art, it is enough to say that a body-hoop is an essential part of such lanterns as are now under consideration. It is a vertically set, hollow cylinder of metal, usually of tin, and supports the oil-pot, the chimney or globe, and the other appliances connected with the light. In the earlier stages of the art, the upright guards were united directly to the hoop, no frame-ring being employed. As a further step in the development of the structure, the frame-ring was introduced, and to one of its edges the guards were fastened, while the body-hoop was secured to the other. This made a stronger lantern, and was a distinct advance. These steps had already been taken, however, before the patent in suit was granted. To refer to no other lantern, "Porter No. 2," which antedates the appellee's device, shows a frame composed of vertical guards and four horizontal rings, one of them being a frame-ring (called a "flange" by the appellee, in the effort to distinguish the two lanterns), to which the guards are

secured on the outer rim, the body-hoop being secured on the inner. It is true that the method by which the guards and the rings are fastened together differs from notching, and that the frame-ring is not buckled to the hoop, but in considering the first claim these differences are not material. It is also true that the frame-ring is secured to the top of the hoop, and not at a point intermediate of the top and the bottom; but this again is not important in view of the broad language of the claim. It is important, however, to observe that the precise combination described by the appellee is presented by this old lantern—a horizontal frame-ring, secured to the upright guards, with a body-hoop secured upon the ring. If Porter No. 2 were a new construction, we think it would be impossible to deny that the first claim of the patent was infringed thereby; and upon familiar principles therefore it must be held that the claim has been anticipated by the same device.

This being so, the validity of the second claim need not be decided. Assuming it to be good for the particular construction therein described, we are of opinion that the appellants do not infringe. It is true that they use a flat metal horizontal frame-ring notched upon and secured to upright guards, but the body-hoop is not bent or buckled on the ring, but is held in place by a device so different as not to be the equivalent of buckling. It is thus described in the brief of appellants' counsel:

"In appellants' lantern the body-hoop frame-ring is provided with a number of lugs at spaced distances around the periphery, and such lugs are, in turn, provided with open slots. The lower ends of the upright guards are provided with projecting 'tongues,' and are slotted near their inner margins above such tongues. On assembling the parts, the tongues on the lower ends of the guards enter the slots formed on the lugs of the ring and passing through openings formed in the body-hoop, are then bent upwardly—or clinched—against the inner face of the body-hoop, an upturned collar formed on the inner margin of the ring serving as an abutment."

The frame-ring rests in a groove in the hoop, but it is not buckled, or even tightly secured by the groove; for when the tongues are removed the ring can be readily rotated in the groove, which is evidently intended only to prevent the ring from moving upward or downward, and not to hold it rigidly in place. As one element of the appellee's combination has thus been replaced by a device that is materially different, the appellants' lantern does not infringe: Walker, Pat. (4th Ed.) § 349, and cases cited.

The decree must be reversed, with costs, and the case remanded, with instructions to dismiss the bill.